# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| CAMPANELLA D'ANGELO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CV618-103 |
| | ) | |
| JUDGE MICHAEL T. MULDREW, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Plaintiff has filed a 42 U.S.C. § 1983 complaint in this court against various entities involved in both his prior conviction and parole. Doc. 1. Because it appears from the docket that plaintiff has failed to serve any of the defendants in this case, he is **DIRECTED** to serve all defendants within 30 days from the date of this order. Failure to do so will result in a recommendation of dismissal.

Plaintiff had 90 days to serve his complaint or face a recommendation of dismissal. Fed. R. Civ. P. 4(m). Plaintiff has failed to provide proof of that service and now, two defendants have indicated they were not served. Doc. 5. Indeed, those defendants have filed a motion to

dismiss.[1] *Id.* Plaintiff's response to that motion was merely to argue that the sheriff "is well aware of the things complaint [sic] of" and that the summons "is not the essential element of 'service of process.'" Doc. 8 at 2. He also notes that service may be waived. *Id.* at 3.

While those statements may be true, service in this case *has not* been waived, and nothing excuses plaintiff from compliance with the Court's procedural requirements. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Likewise, parties proceeding *pro se*, but not *in forma pauperis* ("IFP"), do not enjoy the luxury of the Marshals serving their complaints for them. Instead, *pro se* plaintiffs who are not IFP have the responsibility, like other plaintiffs, to "effectuate prompt service of the summons and a copy of the complaint or to obtain and file a signed waiver of service." S.D. Ga. L.R. 4.3. However, because of plaintiff's *pro se* status, and in view of Fed. R. Civ. P. 4(m)'s allowance to extend the time for service, the Court will give D'Angelo a chance to serve the defendants.

---

[1] The Court defers any ruling on that motion pending plaintiff's compliance with this Order.

Accordingly, plaintiff must serve defendants in this case within 30 days from the date of this order. Plaintiff should familiarize himself with the requirements of service under Federal Rule of Civil Procedure 4(c)(1). He is warned that he will not be excused from compliance with its requirements another time.[2]

**SO ORDERED,** this 11th day of February, 2019.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Plaintiff is a long-time serial litigator and a convicted child molester. *See D'Angelo v. Morales*, 2013 WL 6207800 at *1 (S.D. Ga. Nov. 27, 2013) (discussing his conviction); *D'Angelo v. Schofield*, 2012 WL 1300819 at *1 (M.D. Ga. Apr. 16, 2012) (listing strikes). This appears to be D'Angelo's first filing in this Court since he left incarceration. D'Angelo is reminded that Fed. R. Civ. P. 11 allows the Court to sanction parties for patently frivolous pleadings. *See, e.g., Bank of the Ozarks v. Kingsland Hosp., LLC*, CV411-237, doc. 45 at 5, 7, 20120 WL 5928641 at *1, 7 (S.D. Ga. Nov. 26, 2012) (*sua sponte* Rule 11 sanction against defense counsel for advancing what "appeared to be wanton pleading of defenses with no apparent basis in the record"). These obligations extend to individuals like D'Angelo who are proceeding *pro se*. *See* Fed. R. Civ. P. 11 (requiring that "an attorney **or unrepresented party** certifies that to the best of the person's knowledge, information, and belief" that the pleading is not frivolous) (emphasis added).