# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

CAMPANELLA D'ANGELO,       )
                                 )
        Plaintiff,            )
                                 )
v.                              )           CV6:18-103
                                 )
JUDGE MICHAEL T. MULDREW, et )
al.,                                 )
                                 )
        Defendants.       )

## ORDER AND REPORT AND RECOMMENDATION

Before the Court is plaintiff's Motion for Injunctive Relief or Temporary Restraining Order, doc. 2; defendants Mike Kiles and Unknown Sheriff's Deputy's Motion to Dismiss by Special Appearance, doc. 5;[1] plaintiff's Motion for Joinder of Party, doc. 7; defendants City of Sylvania and Tony Taylor's Motion to Dismiss, doc. 16; defendants Mike Kiles and Unknown Sheriff's Deputy's Second Motion to Dismiss, doc. 18; defendant's Keith McIntyre, and Michael T. Muldrew's Motion to Dismiss, doc. 19; defendants' Joint Motion to Stay, doc. 23; plaintiff's Motion for

---

[1] Defendants Kiles and Unknown Sheriff's Deputy have filed a subsequent motion to dismiss after service raising may of the same issues as the initial motion to dismiss, doc. 18.  Accordingly, the initial motion to dismiss, doc. 5, should be **DISMISSED AS MOOT**.

Default Judgment, doc. 24; and plaintiff's two Motions to Traverse, doc 25 and 30.

Because the undersigned recommends **GRANTING** defendant's motions and the dismissal of plaintiff's case, defendants' Joint Motion to Stay Discovery and all Rule 26 Proceedings, doc. 23, is **DISMISSED AS MOOT**. Plaintiff's two Motions to Traverse, doc. 25 and 30, which the Court construes as a response in opposition to defendants' Motion to Stay and a reply in support of his motion for default judgment respectively, are **DISMISSED AS MOOT**. As to plaintiff's Motion for Default Judgment, doc. 24, and Motion for Joinder of a party, doc. 7, they should be **DENIED**.[2] Finally, plaintiff's Motion for Injunctive Relief or Temporary Restraining Order, doc. 2, should likewise be **DISMISSED AS MOOT**.

## BACKGROUND

Plaintiff filed this suit against various officials alleging an illegal search, illegal warrant, and illegal arrest. Despite its length, plaintiff's complaint is extremely light on details. However, he generally alleges that Judge Turner and Judge Muldrew deprived him of due process and equal

---

[2] D'Angelo argues that Michael Muldrew, Richard Mallard (who is not named as a defendant), and Keith McIntyre missed the deadline for filing their answers. *Id.* at 2. However, the defendants all timely filed motions to dismiss under Rule 12(b). Docs. 16, 18, & 19. Accordingly, default judgment is not appropriate.

protection via an administrative error.   Doc. 1 at 6.   He alleges that District and Assistant District Attorney Keith McIntyre obtained illegal video-tape testimony and used it to convict him.   *Id*.   He claims that Lt. Taylor—who the City of Sylvania failed to properly train—and an unknown police officer relied on warrant lacking probable cause to arrest him in his wife's house, which they entered without a search warrant.[3]   *Id*. He also claims that Sheriff Kyles and an unknown deputy sheriff also helped arrest D'Angelo with the illegal warrant.   *Id*.   D'Angelo seeks "summary judgment" against all defendants, wants to be released from all state-control custody and obligations tied to his illegal conviction,[4]

---

[3] Plaintiff attached a copy of this allegedly defective warrant, doc. 1-1 at 2, and provides no argument to support his claim that it is invalid.   Even if it was invalid any claim stemming from its use is time barred.   *See supra*, p. 6.   Likewise, the Court does not address defendants' arguments as to 11th Amendment immunity.

[4] To the extent plaintiff is seeking release from custody, § 1983 affords him no remedy: "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . .   He must seek federal habeas corpus relief (or appropriate state relief) instead."   *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983.").   He has already done so, and been unsuccessful.   *D'Angelo v. Morales*, Case No. CV6:13-062.   Section 2244(b)(3)(A) requires that "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   *Id*.   District courts "lack[] jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization."   *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014).   Having

payment from each defendant in the amount of $275,000, "out-of-pocket" compensation for work missed in the amount of $250,000, and a $50,000 payment for his wife for the invasion of her home.[5]   *Id.* at 7.   For the following reasons, these claims all fail.

## ANALYSIS

Plaintiff's claims against defendants broadly construed (he alleges almost no facts to support his claims), appear to be based on false arrest and malicious prosecution.   Defendants have all filed motions to dismiss these charges.   Docs. 16, 18, and 19.   For the following reasons, the Court should **GRANT** defendants' motions to dismiss.   Because plaintiff's claims are frivolous, and the defendants enjoy absolute immunity or the claims are barred due to the statute of limitations, no leave to amend is warranted here.

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that

---

unsuccessfully litigated a habeas case, D'Angelo must seek approval from the 11th Circuit to file another.

[5] This last claim however, has no merit because D'Angelo cannot bring claims on behalf of his wife—who is not listed as a plaintiff—here. *See FuQua v. Massey,* 615 F. App'x 611 (11th Cir. 2015) (right of parties to appear *pro se* is limited to parties conducting their own cases and does not extend to non-attorney parties representing the interests of the other).   This means D'Angelo cannot represent his wife or pursue a claim on her behalf.

is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

I.     Statute of Limitations and Judicial Immunity

Plaintiff's claims appear to all be time barred. The statute of limitations for § 1983 claims "is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (cite omitted). Under Georgia law, the statute of limitations for such claims is two years.

O.C.G.A. § 9-3-33; *see Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Generally, the statute of limitations for § 1983 claims begins to run when facts supporting the cause of action are or should be reasonably apparent to the claimant. *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (*per curiam*).

Plaintiff alleges that these activities occurred in 2007 when the arrest warrant was issued, and plaintiff was detained pursuant to legal process. *See e.g.,* Doc. 1-1 at 2. Any such allegations arising from these activities are untimely now, signature-filed as they were *more than ten years later* years later. Doc. 1 at 7 (signature-filed on October 1, 2018).

Likewise, his claims against Judge Muldrew and District Attorney Keith McIntyre are dead on arrival. Judges, "are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity." *Williams v. Alabama*, 425 F. App'x 824, 826 (11th Cir. 2011) (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). That absolute judicial immunity "applies even when [a] judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239. And prosecutors enjoy "absolute immunity in § 1983 actions for activities that are 'intimately associated with the judicial phase of the criminal process.'" *Hart v. Hodges*, 587 F.3d 1288, 1294 (11th Cir.

2009) (quoting *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009)); *see also Imbler v. Pachtman*, 424 U.S. 409, 409 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution *even if* he did so with malicious intent). In other words, any § 1983 claim for damages against the judges or prosecutors involved in D'Angelo's state criminal case cannot proceed. Even if these defects could somehow be remedied, however, plaintiff still does not state a viable claim for relief.

## II. False Arrest and Malicious Prosecution

Plaintiff's complaint fails to state a claim for either false arrest or malicious prosecution. A claim for false arrest derives from the constitutional right to be free of "unreasonable searches and seizures." U.S. CONST. AMEND. IV. A warrantless arrest made without probable cause violates the Fourth Amendment and forms the basis of a § 1983 claim for damages. *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996); *Max v. Gumbinner*, 905 F.2d 1503, 1505 (11th Cir. 1990); *Von Stein v. Bresher*, 904 F.2d. 572, 578 (11th Cir. 1990). The existence of probable cause, however, is a bar to § 1983 claims based on false arrest and false imprisonment.

*Ortega*, 85 F.3d at 1525-26.  Because "[a] cause of action for false or unlawful arrest cannot be pursued . . . when a person is arrested based on a warrant," D'Angelo's claim must fail.  *Norton v. Stidham*, 2009 WL 5214484 at * 4 (W.D. Va. Dec. 29, 2009); *Churchill v. Whitaker*, 2005 WL 3534208 at *2 (N.D. Tex. Dec. 9, 2005 (same).

In a case of continuing detention (as here), however, "false imprisonment ends once the victim becomes held pursuant to [legal] process — when, for example, he is bound over by a magistrate or arraigned on charges."  *Wallace v. Kato*, 549 U.S. 384, 389-90 (2009); *see Chisholm*, SPCR18-00137 & *Chisholm*, SPCR18-01351.  Once an arrestee's unlawful detention becomes a product of legal process, his continued custody may still be unlawful, but any damages suffered after that point must be recovered under the "entirely distinct" tort of malicious prosecution, "which remedies detention accompanied not by the absence of legal process, but by *wrongful institution* of legal process."  *Id*. at 390.  In other words, the torts of malicious prosecution and false imprisonment are distinct, and the former supplants the latter after legal process is initiated.

Malicious prosecution, "remedies detention accompanied not by the absence of legal process, but by *wrongful institution* of legal process.".  *See Wallace v. Kato*, 549 U.S. 384, 390 (2009).  The Eleventh Circuit "has

8

identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003).  But this claim too is fatally flawed.  An essential element of a malicious prosecution claim is the termination of the criminal prosecution in the plaintiff's favor.  *Id.* at 882.  Plaintiff however, acknowledges that he was actually sentenced for the crime he was charged with committing.  Doc. 1-2 at 12.  As there is no termination in his favor, no claim accrued.

## CONCLUSION

Because D'Angelo's claims are either time-barred, fail to state a claim, or the defendants are immune, his complaint should be dismissed. Although he fails to state a viable claim, "when a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (*citing Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n. 1 (11th Cir. 2002) (en banc)); *see also* Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely . . . when justice so requires"); *Seckinger v. Bank of Am., N.A.*, No. CV415-306, 2016 WL 1381814 at *2 (S.D. Ga. Apr. 6, 2016).

However, "a district court need not allow amendment if the amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). That's the case here. The statute of limitations has run on plaintiff's claims or the defendants enjoy immunity. Accordingly, no amount of factual amendment will correct the deficiencies.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648

F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 9th day of July, 2019.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA